IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MISTY MARTIN, | |
| Petitioner, | 8:21-CV-400 |
| vs. | |
| BEVERLY VALASEK, Review Officer, Director of Section 8 and Public Housing Compliance Coordinator, Douglas County Housing Authority; | MEMORANDUM AND ORDER |
| Respondent. | |

## I. INTRODUCTION

Misty Martin has sued Beverly Valasek[1] for her role in terminating Martin's Section 8 housing benefits. Martin brings claims under the United States Housing Act, the United States Code of Federal Regulations, the due-process clause of the Fourteenth Amendment, and Article I, Section 3 of the Nebraska Constitution. Before the Court is Valasek's Motion to Dismiss for failure to state a claim. For the reasons stated herein, the Court grants Valasek's motion.

## II. BACKGROUND

Martin formerly received Section 8 benefits from the Douglas County Housing Authority. Filing 1-1 at 2. The Douglas County Housing Authority terminated her benefits for "behaving in

---

[1] Martin's Complaint does not specify if she is suing Valasek in her individual or official capacity. *See* Fling 1-1 at 2–3.

1

a loud and threatening manner." Filing 1-1 at 2. Martin filed a petition to review the termination of her benefits. Filing 1-1 at 2. Valasek, the Douglas County Housing Authority Director, was the officer who reviewed Martin's petition. Filing 1-1 at 2. On July 19, 2021, Valasek informed Martin by letter that she was upholding the termination of Martin's Section 8 benefits. Filing 1-1 at 2.

On August 12, 2021, Martin filed suit in Nebraska state court. Filing 1-1 at 2. According to Martin, Valasek's decision to uphold the termination of Martin's benefits was arbitrary and capricious, based on inadmissible evidence, and violated the United States Housing Act and the United States Code of Federal Regulations. Filing 1-1 at 2. Martin seeks the retroactive reinstatement of her benefits, among other relief. Filing 1-1 at 3. Valasek removed this suit to federal court on October 8, 2021. Filing 1. On October 25, 2021, Valasek filed her Motion to Dismiss. Filing 6. Martin has not responded to Valasek's motion.

### III. ANALYSIS

#### A. Standard of Review

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, but [is] not

bound to accept as true '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (citations omitted) (quoting *Iqbal*, 556 U.S. at 678). "When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (quoting *Smithrud v. City of St. Paul*, 746 F.3d 391, 395 (8th Cir. 2014)).

### B. Martin's Complaint Fails to State a Claim

Valasek argues that Martin's Complaint fails to state a claim "because she fails to plead a factual basis for the claims asserted in her Complaint." Filing 7 at 1. Martin's Complaint, Valasek contends, contains mere conclusory allegations without any facts in support. Filing 7 at 2. The Court agrees.

First, Martin fails to point to any provision of the United States Housing Act or the Code of Federal Regulations that Valasek allegedly violated. *See Hunter v. Underwood*, 362 F.3d 468, 478 (8th Cir. 2004) ("It is incumbent on the plaintiff . . . to identify with particularity the right she claims in order for the court to determine whether a federal statute creates a private right."). Perhaps Martin seeks relief for an alleged violation of 42 U.S.C. § 1437d(k), which outlines the grievance procedure required by a public housing agency. *See* 42 U.S.C. § 1437d(k). But Martin's Complaint is devoid of any facts alleging that Valasek did not follow one of the procedural requirements. Moreover, Martin's bare assertion that Valasek violated an unspecified regulation in the Code of Federal Regulations is insufficient to state a claim. Indeed, the violation of a federal regulation, standing alone, is insufficient to confer a private right of action. *See Alexander v.*

*Sandoval*, 532 U.S. 275, 291, (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not.") Thus, under the standard set by *Twombly*, Martin has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Next, the Court turns to Martin's allegation that Valasek upholding the termination of Martin's Section 8 benefits violated her due-process rights.[2] The only factual allegations she makes in support of this claim are that Valasek's decisions was not supported by a preponderance of the evidence and that Valasek relied on inadmissible evidence. Filing 1-1 at 2. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). The federally mandated procedure for grievance proceedings before a public housing agency outlined in 42 U.S.C. § 1437d(k) "is sufficient to satisfy any due process concerns." *Hunter*, 362 F.3d at 479. Therefore, because Martin has not pointed to any specific procedures Valasek violated, she has not stated a claim for the violation of her due-process rights.

Next, the Court addresses Martin's allegation that Valasek's decision to uphold the termination of Martin's benefits was based on inadmissible evidence. Filing 1-1 at 2. As Valasek correctly points out, Martin does not allege what inadmissible evidence Valasek relied upon or why it was inadmissible. Most significantly, Housing and Urban Development regulations permit an individual overseeing a public housing agency hearing to consider evidence "without regard to admissibility under the rules of evidence applicable to judicial proceedings." 24 C.F.R. §

---

[2] Because "the due process requirements of Nebraska's Constitution are similar to those of the federal Constitution" *Marshall v. Wimes*, 626 N.W.2d 229, 234 (Neb. 2001), the Court does not need to include a separate analysis of whether Martin has stated a claim under Article I, Section 3 of the Nebraska Constitution. Even if it engaged in a separate analysis, the Court would still conclude that Martin's conclusory allegations are insufficient to state a violation of due process under the Nebraska Constitution.

982.555(e)(5). Likewise, as to Martin's allegation that Valasek's decision was not supported by a preponderance of the evidence, this claim is conclusory. *See Iqbal*, 556 U.S. at 681 (holding that conclusory allegations are insufficient to state a claim). Moreover, nothing in the procedures outlined in 42 U.S.C. § 1437d(k) confers a private cause of action if a public housing agency's decision is not supported by a preponderance of the evidence.[3] Therefore, even if Martin's allegations were more than conclusory, she would still fail to state a claim for relief for violations of the due-process clause.

## IV. CONCLUSION

Martin's vague and conclusory allegations are insufficient to state a claim for relief. Accordingly,

IT IS ORDERED:

1. Valasek's Motion to Dismiss, Filing 6, is granted;

2. Martin's Complaint, Filing 1-1, is dismissed; and

3. The Court will enter a separate judgment.

Dated this 9th day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[3] While it is true that 24 C.F.R. § 982.555(e)(6) states that "[f]actual determinations relating to the individual circumstances of the family shall be based on a preponderance of the evidence presented at the hearing," this regulation does not create a freestanding right to sue under 42 U.S.C. § 1983 for violating the due-process clause. *See Yarbrough v. Decatur Hous. Auth.*, 931 F.3d 1322, 1326–27 (11th Cir. 2019) (holding that 24 C.F.R. § 982.555(e)(6) did not create a private cause of action); *cf. Hunter*, 362 F.3d at 478–79 (holding that 24 C.F.R. § 247.6 of the Housing Act regulations relating to evictions did not "create a separate enforceable federal right").